IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREEDOM FOSTER-GRADY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-2169 ) |
| LELAND DUDEK,[1]  *Acting Commissioner of Social Security,* | ) ) ) ) ) |
| Defendant | ) |

**O R D E R**

AND NOW, this 12th day of March, 2025, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14) filed in the above-captioned matter on May 3, 2024,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on April 5, 2024,

IT IS HEREBY ORDERED that said Motion is GRANTED. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

Pursuant to Section 405(g), when a party seeks judicial review of a social security decision, the Commissioner must file with its answer a certified copy of the transcript of the

---

[1] Leland Dudek is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The Clerk is directed to amend the docket to reflect this change.

1

record including the evidence upon which the decision being challenged was based. When material information from the administrative proceedings is omitted from the transcript filed before the district court, it prevents meaningful judicial review and warrants remand. *See Malliard v. Berryhill*, No. 17-157-E, 2018 WL 4537194, at *1 (W.D. Pa. Sept. 20, 2018); *Hippensteel v. Soc. Sec. Admin.*, 302 F. Supp. 2d 382, 388-89 (M.D. Pa. 2001). Here, Exhibit 19F, which contains a medical source opinion upon which the ALJ relied in crafting Plaintiff's residual functional capacity ("RFC"), is incomplete or inaccurate. This prevents the Court from engaging in meaningful judicial review and, accordingly, remand is warranted.

## I.     Background

Plaintiff Freedom Foster-Grady (they/them) protectively filed claims for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401, 1381 *et seq.*, alleging to have become disabled on July 28, 2020. (R. 13). After being denied initially on August 13, 2021, and upon reconsideration on December 16, 2021, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ") on January 6, 2022. (R. 13, 101-43). After an online video hearing was held on August 10, 2022, ALJ Leslie Perry-Dowdell denied Plaintiff's request for benefits in an unfavorable decision dated October 6, 2022. (R. 13-26, 32-55). On October 30, 2023, the Appeals Council declined to review the ALJ's decision. (R. 1-6). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment. (Doc. Nos. 10, 14).

## II.    Standard of Review

The Court's scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to

support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) ("'[t]he findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence*, shall be conclusive[]'") (quoting 42 U.S.C. § 405(g)) (emphasis in original); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (citations omitted) ("[w]e have plenary review of all legal issues . . . and review the ALJ's findings of fact to determine whether they are supported by substantial evidence.").  The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).  If the Court finds the Commissioner's findings of fact are supported by substantial evidence, then it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citations omitted).

"Substantial evidence" is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'"  *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).  Additionally, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]."  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence.  *See id.* at 705-06.  Moreover, the Court must ensure the ALJ

did not "reject evidence for no reason or for the wrong reason[.]" *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

"[A] disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting *Plummer*, 186 F.3d at 427) (internal quotations omitted). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The ALJ's disability determination is based on a five-step sequential evaluation process promulgated by the Social Security Administration. 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the ALJ moves on to the second step of the process, which is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant

meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

At Step Four, the ALJ must formulate the claimant's RFC. A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ must consider all the evidence in the record in formulating the RFC. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The claimant bears the burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at §§ 404.1523, 416.923.

### III. The ALJ's Decision

In her October 6, 2022 decision, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, July 28, 2020. (R. 16). The ALJ further found that Plaintiff had several severe impairments: bipolar disorder, generalized anxiety disorder, posttraumatic stress disorder, gender dysphoria, and alcoholism. (R. 16). At Step

Three, the ALJ concluded that none of Plaintiff's impairments or combination of impairments met any of the Listings. (R. 16-18).

At the next step of the process, the ALJ analyzed many medical source opinions, including that of Plaintiff's family therapist, Dr. Nikolas Summa, Ph.D., LMFT. (R. 23). The ALJ analyzed this opinion, found at Exhibit 19F, and stated that Dr. Summa opined that Plaintiff had "very good to limited, but satisfactory, mental abilities and aptitudes needed to interact with others." (R. 23 (citing Ex. 19F/4)). The ALJ found this opinion persuasive because it was supported by Dr. Summa's examination and consistent with other evidence within the record. (R. 23). Based, in part, on the persuasiveness of this opinion, the ALJ found that Plaintiff retained the following RFC:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following non-exertional limitations: Specifically, the claimant is able to understand, remember, and carry out simple instructions and perform simple routine tasks. The claimant is able to make simple work related decisions. Further, the claimant will need a low stress work environment, which is defined as no production rate pace work, but rather goal-oriented work with occasional and routine changes in the work setting; routine change is that which does not require alteration in work method. The claimant will have no work related interaction with the public that would be face to face. Finally, the claimant can have only occasional interaction with co-workers and supervisors.

(R. 18). Applying this RFC, the ALJ proceeded to determine that there are jobs existing in significant numbers within the national economy that Plaintiff can perform, such as produce packer, hand packager, and photocopying machine operator. (R. 25). Accordingly, the ALJ found Plaintiff was not disabled. (R. 26).

### IV. Legal Analysis

Plaintiff sets forth several arguments as to why the ALJ's finding of not disabled is not supported by substantial evidence. (Doc. No. 11). First, Plaintiff argues that the ALJ erred in

rejecting the opinion of Dr. Angela Chiodo, Psy.D., who opined, among other things, that Plaintiff had extreme social limitations and a marked inability to interact with supervisors and coworkers due to anxiety and a personality disorder. (Doc. No. 11 at 8, 15-16; R. 952). Similarly, Plaintiff posits that the ALJ erred in characterizing Dr. Summa's opinion by writing that Dr. Summa opined that Plaintiff had "very good to limited, but satisfactory, mental abilities and aptitudes needed to interact with others" when, in truth, Dr. Summa's opinion reveals that he did not opine as to the specific categories of interacting with the public, coworkers, or supervisors. (Doc. No. 11 at 16 n.2 (citing Ex. 19F/3)).

 The Court finds merit in Plaintiff's second argument, pertaining to the analysis of Dr. Summa's opinion at Exhibit 19F, as the Court is unable to verify if the ALJ accurately characterized this opinion. The record includes an Exhibit 19F, but it is a blank form except for what seems to be Dr. Summa's signature. (Ex. 19F). There appears to be no explanation for this in the parties' briefs. and Plaintiff cites Dr. Summa's opined limitations from this exhibit as though it were not blank. (Doc. No. 11 at 16 n.2). Additionally, Defendant references pages seemingly comprising Dr. Summa's opinion that do not exist in the record before the Court. (Doc. No. 15 at 6, 14 (citing R. 1260-63); Doc. No. 6 (showing the record only includes until page 1259)). The parties' omission of these pages in the record makes it impossible for the Court to determine if the ALJ accurately characterized Dr. Summa's opined limitations and review this argument.

 Dr. Summa's opinion at Exhibit 19F shows a six-page medical evaluation form that has blank spaces following prompts for the medical source to fill in. It also contains some check boxes where the medical source could opine about the Plaintiff's mental abilities and aptitudes. None of the blank spaces in this exhibit have been completed. (Ex. 19F/3-4). Indeed, the entire

six pages of the exhibit are blank in these spaces reserved for the medical source's opinions except for the signature on the final page of this exhibit. (Ex. 19F/6). This signature appears to be that of Dr. Summa, but it is hard for the Court to discern without a printed name below it. The parties did not cite another exhibit showing Dr. Summa's opinion, and the Court was unable to find Dr. Summa's opinion elsewhere in the record.

Additionally, based on Defendant's citations to pages 1260-63 of the record, it appears that there are at least four pages missing from the record that could also be part of Dr. Summa's opinion. (Doc. No. 15 at 6, 14 (citing R. 1260-63)). However, it is unclear if these pages are actually part of that opinion, as the table of contents indicates that this opinion was only six pages long. (R. iv). The Court notes that the record contains other evidence from Dr. Summa, including a treatment letter and a medical appointment schedule. (Exs. 16E, 14F). However, neither of these exhibits contain Dr. Summa's medical opinion as to Plaintiff's mental limitations that the parties and the ALJ rely upon in their briefs and decision.

The absence of Dr. Summa's opinion in the record requires remand as this opinion is critical to this appeal and to the ALJ's decision. The ALJ found this opinion persuasive and cited to Exhibit 19F when referencing this opinion. (R. 23). Specifically, the ALJ stated in the following when analyzing Dr. Summa's opinion:

> I find that the opinion of Nickolas Summa, Ph.D., LMFT, is persuasive. (Exhibit 19F). Dr. Summa opined in August 2022 that the claimant has very good to limited, but satisfactory, mental abilities and aptitudes needed to interact with others. (Exhibit 19F, pg. 4). I find that Dr. Summa's opinion is supported by his own examination of the claimant, which indicated the claimant is working on becoming closer to the claimant's Mother with them both becoming more attuned to each other's needs. (Exhibit 19F, pg. 1). Moreover, I find that Dr. Summa's opinion is consistent with medical records, mental status examinations, and the claimant's testimony, which demonstrated problems being around others, but intact attention, good eye contact, intact concentration, frequent smiles, average fund of knowledge, cooperativeness, normal speech, normal language, normal intelligence, a normal mood, and linear and goal directed thought processes.

> (Exhibits 5F, pgs. 83 & 189, 13F, pgs. 6-7, and 18F, pgs. 1, 2, 5, & 6). Additionally, I find that the opinion of Dr. Summa is persuasive because he is an acceptable medical source as he is a doctor and expert in his field.

(R. 23).

Plaintiff argues that the ALJ's finding that Dr. Summa opined that they had "very good to limited, but satisfactory, mental abilities and aptitudes needed to interact with others" is misleading because a closer review of Dr. Summa's opinion reveals that the specific categories he opined upon do not relate to interacting with the public, coworkers, or supervisors. (Doc. No. 11 at 16 n.2). Defendant responds that the ALJ's statement was not misleading because Dr. Summa indicated in his evaluation that Plaintiff had "'unlimited or very good' to 'limited but satisfactory' abilities needed to interact with others including understanding and responding to social cues, initiating and sustaining conversations, and stating their own point of view (Tr. 1263)." (Doc. No. 15 at 14). The Court is unable to adjudicate this argument as to Dr. Summa's opinion because it has no way of verifying the ALJ's characterization of this argument without reviewing Dr. Summa's opinion. Accordingly, the Court must remand this decision.

Although Plaintiff raises other arguments, the Court does not reach these because it has already found a remand warranted. The Court, however, does note that on remand the ALJ should take care to properly consider Dr. Chiodo's opinion.

## V.     Conclusion

In sum, the Court cannot adjudicate this matter based on an incomplete record. The record before the Court does not permit it to determine whether the ALJ's RFC finding, based on analysis of Dr. Summa's opinion, is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to clarify the record by providing a complete copy of Dr. Summa's

opinion at Exhibit 19F and the additional pages of this opinion cited by Defendant at R. 1260-63. (Doc. No. 15 at 6, 14 (citing R. 1260-63)).

s/Mark R. Hornak<br>
Chief United States District Judge

ecf:  Counsel of record