IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREEDOM FOSTER-GRADY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 23-2169 |
| LELAND DUDEK, *Acting Commissioner of Social Security,* | ) ) ) ) ) |
| Defendant | ) ) |

**O R D E R**

AND NOW, this 2nd day of May, 2025, upon reconsideration of the parties' cross-motions for summary judgment,[1] the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claims for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

---

[1] The Court previously granted Defendant's Motion for Reconsideration.

would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    Plaintiff Freedom Foster-Grady contends that the Administrative Law Judge ("ALJ") erred in evaluating much of the medical evidence of record. (Doc. No. 11). Specifically, Plaintiff takes issue with the ALJ's rejection of the opinion of Dr. Angela Chiodo, Psy.D., her reasoning in finding the opinion of Dr. Nickolas Summa, Ph.D., LMFT, persuasive, and her consideration of the opinion of Rachael Goss, LPC. (*Id.*). Upon review of the record, the Court disagrees with Plaintiff and finds the ALJ's decision is supported by substantial evidence.

The ALJ evaluated many medical opinions in deciding that Plaintiff was not disabled, including those of Drs. Chiodo, Summa, and LPC Goss. Dr. Chiodo, a psychological consultative examiner, opined that Plaintiff had mild to extreme limitations concerning the ability to interact appropriately with supervisors, co-workers, and the public, as well as respond to changes in a routine work setting, and had no limitations in the area of understanding, remembering, and carrying out instructions. (Ex. 11F/9-10). The ALJ found this opinion partially persuasive because while it was supported by Dr. Chiodo's examination of Plaintiff, it was not consistent with medical records, mental status examinations, Plaintiff's testimony, and Plaintiff's functional report. (R. 23).

Plaintiff contends that the ALJ selectively cited to evidence contradicting Dr. Chiodo's opinion, but that the overall record supported Dr. Chiodo's opinion. (Doc. No. 11 at 15-16). Specifically, Plaintiff posits that the ALJ selectively referenced Plaintiff's "intact attention, good eye contact, intact concentration, frequent smiles, average fund of knowledge, cooperativeness, normal speech, normal language, normal intelligence, a normal mood, and linear goal directed thought processes" to show inconsistency between Dr. Chiodo's opinion and the record as a whole. (*Id.* at 15-16 n.1). The Court disagrees. The ALJ did not selectively cite evidence, but summarized information contained in Plaintiff's medical records and highlighted relevant findings. The ALJ did not overlook evidence showing abnormal findings, such as Plaintiff's depressed mood and suicidal ideation, (*see* R. 21-22), but the ALJ accurately summarized that Plaintiff's exams were largely unremarkable and that Plaintiff's functioning was largely intact. (*Id.*). In recognizing this and that Dr. Chiodo's opinion was supported by her examination, the ALJ logically concluded that this opinion was partially persuasive. (R. 23).

Plaintiff further argues that the ALJ erred in analyzing Dr. Summa's opinion, specifically by stating that "Dr. Summa opined in August 2022 that the claimant ha[d] very good to limited, but satisfactory, mental abilities and aptitudes needed to interact with others." (Doc. No. 11 at 16 n.2 (citing R. 23)). Plaintiff contends that this statement was misleading because the specific categories about which Dr. Summa opined did not relate to interacting with the public, coworkers, or supervisors. (*Id.*). After review of Dr. Summa's opinion, the Court disagrees. In Dr. Summa's opinion, he

stated that Plaintiff had "unlimited or very good" to "limited but satisfactory" abilities needed to interact with others including understanding and responding to social cues, initiating and sustaining conversations, and stating their own point of view. (Doc. No. 13 at 1263). The ALJ's statement that "Dr. Summa opined in August 2022 that the claimant ha[d] very good to limited, but satisfactory, mental abilities and aptitudes needed to interact with others" logically flowed from this portion of Dr. Summa's opinion. (R. 23). It appears Plaintiff's argument may be taking issue with Dr. Summa's statement that he could not opine on Plaintiff's ability to interact appropriately with the general public because this was "outside of the scope" of his treatment. (Doc. No. 13 at 1263). However, even if this is the case, the ALJ did not misrepresent Dr. Summa's opined limitations, as the ALJ's statement about Dr. Summa's opinion accurately summarized the opined limitations and did not purport to make a statement on Dr. Summa's opinion in regard to Plaintiff's ability to interact appropriately with the general public. Accordingly, the Court finds no error on this point.

Plaintiff also contends that the ALJ erred in her evaluation of the opinion of LPC Goss. (Doc. No. 11 at 14). Plaintiff argues that LPC Goss's opinion supported disabling mental health conditions and that the ALJ should have found this opinion persuasive. (*Id.*). For cases such as this one, filed on or after March 27, 2017, the regulations provide that "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853; *see also* 20 C.F.R. §§ 404.1520c(b) and (c), 416.920c(b) and (c). In this matter, the ALJ considered LPC Goss's opinion and found it not to be persuasive. (R. 24). LPC Goss opined that Plaintiff was limited in being unable to meet competitive standards in several areas of mental abilities and aptitudes, and seriously limited and unable to meet competitive standards in some mental abilities and aptitudes needed to interact with others and do particular types of jobs. (R. 24; Ex. 15F/3-4). The ALJ found this opinion unsupported by LPC Goss's own examination, which indicated mostly normal findings, and found it was inconsistent with medical records. (R. 24). Accordingly, the ALJ properly analyzed this opinion in accordance with the relevant regulations and her conclusion is supported by substantial evidence.

Lastly, Plaintiff references "substantive notes, opinions, and limitations of record" that supposedly "overwhelm" the ALJ's decision seemingly in relation to Plaintiff's disabling mental health conditions, but Plaintiff does not otherwise develop this argument or cite any specific evidence supporting this proposition. (Doc. No. 11 at 16). To the extent that Plaintiff's brief could be construed as raising any additional argument as to these points, such arguments are too under-developed and conclusory to be addressed by the Court. *See Hyer v. Colvin*, No. CV 15-297-GMS, 2016 WL 5719683, at *11 (D. Del. Sept. 29, 2016) (noting that it is the obligation of counsel to state and develop arguments presented to the ALJ with discussion of applicable law and record facts); *Ve Thi Nguyen v. Colvin*, No. C13-882, 2014 WL 1871054, at *2 (W.D. Wash. May 8, 2014).

In sum, the ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/Mark R. Hornak<br>
Chief United States District Judge

ecf:	Counsel of record